UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 25-CR-108-CRC |
| ) | |
| LEVITA ALMUETE FERRER, ) | |
| ) | |
| Defendant.  ) | |

### MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE CONDITIONS

The United States of America requests that the Court schedule a hearing at the earliest opportunity to address whether the defendant's release conditions should be revoked.

On April 30, 2025, the defendant pleaded guilty to one count of Theft of Government Property, in violation of 18 U.S.C. § 641, for embezzling more than $650,000 from the State Department over a two-year period while she was working as a Senior Budget Analyst. After she entered her guilty plea, this Court set conditions of release, which included a requirement that she "refrain from entering or visiting any casino establishments" and attend Gamblers Anonymous meetings. ECF No. 12 at 3. In asking for those specific conditions, the United States explained to the Court that the defendant's gambling addiction motivated her embezzlement scheme.

After her plea hearing, the defendant signed an acknowledgement that she was aware of the conditions of release and promised to obey them. ECF No. 12 at 4. She also indicated that she was "aware of the penalties and sanctions" for violating her release conditions, which included "revocation of [her] release" and a "prosecution for contempt of court[.]" ECF No. 12 at 4.

Notwithstanding those release conditions and the enormous financial obligations that she faces as a result of her guilty plea, surveillance video conclusively revealed that the defendant visited the MGM National Harbor Casino at 11:18PM on May 7, 2025, as the below screenshot

shows.[1]



Immediately after entering via the VIP entrance, the defendant handed her Maryland driver's license to an MGM employee, who scanned her license as shown below.



---

[1] The defendant agreed to pay $657,347.50 in restitution to the United States government, ECF No. 8 at 8, and to be liable for a forfeiture money judgment in the same amount. ECF No. 8 at 9-10; ECF No. 13. The parties agreed to let her sell three parcels of real property with the net proceeds going to the government, which the defense hopes will satisfy a majority—if not all—of her forfeiture obligation. *See* ECF No. 7. The government also agreed to make a non-binding recommendation to the Justice Department's Money Laundering and Asset Recovery Section to apply any monies that are forfeited to the defendant's restitution obligation. *See* ECF No. 8 at 10.

Surveillance footage showed her gambling in the high-limit slot area at four separate machines. The upper-left screenshot shows her gambling at 4:49AM. She moved to another machine at 4:52AM, which is depicted in the upper-right screenshot. After spending several minutes at that machine, she moved to a third machine at 4:57AM, as shown in the lower-left screenshot. Ten minutes later, at 5:07AM, she moved to a fourth machine.



At 5:37AM, she went to the High Limit cage and finally exited the casino at 5:38AM.



The above-evidence establishes that the defendant willfully violated one of the release conditions set by this Court. Accordingly, the government requests that the Court schedule a hearing at the earliest opportunity for the defendant to show cause why her release conditions should not be revoked.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Kondi J. Kleinman*
Kondi J. Kleinman
Assistant United States Attorney
California Bar Number 241277
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252-6887 | kondi.kleinman2@usdoj.gov